UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUGUSTUS MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01456-TWP-KMB |
| ) | |
| GEO GROUP INC, ) | |
| JENNIFER SMITH, Law Library Clerk and ) | |
| Notary, ) | |
| MARK SEVIER, Warden, ) | |
| WINNINGHAM, Ms., Grievance Specialist, ) | |
| JOHN DOE, Internal Affairs, ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINTAND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court for screening of Plaintiff Augustus Marshall's ("Mr. Marshall") Complaint (Dkt. 1). Mr. Marshal is a prisoner currently incarcerated at Westville Correctional Facility. He filed this civil action alleging wrongful confiscation of his educational materials while he was housed at New Castle Correctional Facility. Because Mr. Marshall is a "prisoner," this Court has an obligation to screen the Complaint before service on the Defendants. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.   THE COMPLAINT

Mr. Marshall names the following five defendants: GEO Group, Inc. ("Geo Group"), Law Library Clerk Jennifer Smith ("Ms. Smith"), Warden Mark Sevier ("Warden Sevier"), Grievance Specialist Winningham ("Ms. Winningham"), and John Doe from Internal Affairs.

In his Complaint, Mr. Marshall alleges that on April 14, 2021, Ms. Smith wrongfully confiscated two educational business packets, informing Mr. Marshall that they appeared to be altered from their original state (Dkt. 1 at 5). The packets were sent to an unknown individual in Internal Affairs. These confiscated packets were exhibits to Mr. Marshall's motion for a sentence modification, and the confiscation prevented him from filing his motion. *Id*. at 6. Internal Affairs never informed Mr. Marshall why the packets were taken, and they did not otherwise provide him due process. *Id*. at 7. On April 26, 2021, Mr. Marshall wrote to Internal Affairs about the issue. On April 29, 2021, Mr. Marshall wrote to Warden Sevier about the issue, and he did not respond. *Id*. at 9. Mr. Marshall also completed the grievance process and addressed the situation with Ms. Winningham. *Id*. Mr. Marshall eventually received photocopies of the materials, but they were unusable because only one side of the double-sided sheets had been copied. *Id*. at 11. Mr. Marshall continued to grieve the issue through September 2021.

### III.   DISMISSAL OF COMPLAINT

**A.   Untimeliness of Claims Based on April 2021 Events**

All claims based on events that occurred in April 2021 are **dismissed** as untimely. Untimeliness is an affirmative defense, but a claim may be dismissed *sua sponte* if "'the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous.'" *Muhammad–Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)); *see also Koch v. Gregory*, 536 F. App'x 659, 660 (7th Cir. 2013) (when complaint's allegations plainly show it is untimely, dismissal under § 1915A is appropriate).

"[I]n § 1983 actions, federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place.  In Indiana, such claims must be brought within two years." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013) (citation omitted).  And a claim accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. at 591.

Here, Mr. Marshall alleges a specific event that took place on April 14, 2021, when his educational materials were confiscated.  Therefore, the statute of limitations for any claims based on that event began to run on April 14, 2021, regardless of whether Mr. Marshall suffered ongoing harm or injury from that action. *Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 669 (7th Cir. 2018) ("When a wrong is ongoing rather than discrete, the period of limitations does not commence until the wrong ends.  Notice that we speak of a continuing wrong, not of continuing *harm*; once the wrong ends, the claim accrues even if that wrong has caused a lingering injury." (citation omitted; emphasis retained)).

Therefore, Mr. Marshall's deadline to file a timely complaint based on these allegations was April 14, 2023.  *See* Fed. R. Civ. P. 6(a)(1)(C).  But his Complaint is signed August 8, 2023, and it was not filed with the Court until August 16, 2023.  *See* Dkt. 1 at 13.  All claims based on April 2021 events are therefore **dismissed** as untimely.

**B.**     **Deficiencies of Mr. Marshall's Allegations**

Even if Mr. Marshall's Complaint were not untimely, his claims are nevertheless subject to dismissal based on the screening standard set forth above.

First, any claims against GEO Group are **dismissed** for failure to state a claim upon which relief can be granted.  Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of 42 U.S.C. § 1983 and can be sued when their actions violate the Constitution.  *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights.  *Dean*, 18 F.4th at 235.  "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker."  *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019).  Mr. Marshall does not allege any facts plausibly suggesting that he was deprived of his property because of a GEO Group policy, practice, custom, or other corporate action.

Next, any claims against John Doe are **dismissed**.  "[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."  *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

4

Finally, Mr. Marshall's access-to-courts claims against Warden Sevier, Ms. Winningham, and Ms. Smith are **dismissed** for failure to state a claim upon which relief can be granted. While Mr. Marshall alleges that he has been denied his First Amendment right to access the courts, to prevail on an access-to-courts claim, a prisoner must "submit evidence that he suffered actual injury—*i.e.*, that prison officials interfered with his legal materials—and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted). "[T]he very point of recognizing any access claim is to provide effective vindication for a separate and distinct right to seek judicial relief for some wrong.... [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). In other words,

> the mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction [or] sentence . . . has this right been denied.

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Because Mr. Marshall has not alleged facts to show that he was prejudiced in a potentially meritorious lawsuit, he has failed to state an access-to-the-courts claim.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the Complaint is subject to dismissal.

### IV. <u>OPPORTUNITY TO FILE AN AMENDED COMPLAINT</u>

The dismissal of the Complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Mr. Marshall to amend his Complaint if, after reviewing this Court's order, he believes that he can state

5

a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Mr. Marshall shall have **through Monday, June 3, 2024, to file an amended complaint**. The amended complaint must: (a) contain a short and plain statement of the claim showing that Mr. Marshall is entitled to relief, which is sufficient to provide the defendants with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury Mr. Marshall claims to have suffered and what persons are responsible for each such injury.

Any amended complaint should have the proper Case Number, 1:23-cv-01456-TWP-KMB and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Mr. Marshall wishes to pursue in this action.

If Mr. Marshall files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be **dismissed** without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 5/2/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Augustus Marshall, #211928
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
Westville, Indiana  46391